IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LISA R. REESE,

    **Plaintiff,**

vs.
                             Civil Action 2:09-cv-840
                             Judge James L. Graham
                             Magistrate Judge E. A. Preston Deavers

COMMISSIONER OF SOCIAL SECURITY,

    **Defendant.**

**OPINION AND ORDER**

    Plaintiff, Lisa R. Reese, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits. This matter is before the Court for consideration of Plaintiff's August 12, 2010 Objections (Doc. 16) to United States Magistrate Judge Elizabeth A. Preston Deavers' August 10, 2010 Report and Recommendation (Doc. 15), recommending that the Court affirm the decision of the Commissioner denying benefits. For the reasons stated below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. Accordingly, the Commissioner's decision is **AFFIRMED**

**I.**

    Plaintiff alleges she became disabled at the age of 39 from fibromyalgia, back pain, depression, and anxiety. Plaintiff testified that she stopped working due to back and neck pain.

    The administrative law judge ("ALJ") determined that Plaintiff could not perform her

past work, but retained the residual functional capacity ("RFC") to perform unskilled light work. Specifically, the ALJ found that Plaintiff retained RFC to lift/carry 20 pounds occasionally and 10 pounds frequently; sit for 45 minutes at a time and six hours during a total eight-hour workday; occasionally squat, crouch, and crawl. Further, he found that Plaintiff should could not climb ladders or be at unprotected heights; she was limited to simple tasks with the ability to perform more complex tasks up to one-third of the workday; and she was prevented from fast-paced, strict time-limited or high production quota tasks. Based on the number of jobs Plaintiff could perform with this RFC, the ALJ concluded Plaintiff was not disabled.

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could

accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice withing which the decision-makers can go either way, without interference by the courts.' " *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted). Even if supported by substantial evidence, however, " 'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.' " *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

### III.

The two issues before the Court are whether (1) the ALJ erred in failing to afford the opinions of Dr. Hard, Plaintiff's family physician, controlling or great weight; and (2) the ALJ's reliance on Dr. Gaten's opinion constitutes reversible error. Plaintiff asserts that the Court should reject the Report and Recommendation and reverse the decision of the Commissioner because the Magistrate Judge erred when she: (1) concluded that Dr. Hard's opinions were inconsistent with Dr. Everhart-McDonald's opinion; and (2) improperly construed Dr. Gatens' testimony.

### A. Dr. Hard's Opinions

Dr. Hard rendered multiple opinions regarding Plaintiff's ability to work. The ALJ considered each of Dr. Hard's opinions, but did not accord them controlling or great weight. The ALJ provided the following justification for discounting Dr. Hard's opinions:

> [T]he specific assessments described by Dr. Hard are not supported by the clinical and diagnostic findings reported by him or elsewhere in the record. These opinions appear to be based more upon the claimant's subjective complaints

rather than the objective medical findings. Furthermore, Dr. Hard's opinions are contradicted by the opinion of the medical expert at the hearing, and the medical expert's opinion is supported by the medical evidence of record.

(R. at 20.) The Magistrate Judge concluded that the ALJ had provided good reasons for rejecting Dr. Hard's conclusions and that substantial evidence supported each of the ALJ's stated reasons for rejection. The Magistrate Judge supported her determination as follows:

> First, substantial evidence supports the ALJ's assertion that Dr. Hard's assessments are based on Plaintiff's subjective complaints rather than objective medical findings. The ALJ noted that following Plaintiff's November 2004 back injury, Dr. Hard's "extensive treatment records" indicate that Plaintiff consistently presented with "complaints of pain, tenderness, muscle spasm and decreased range of motion of back." The ALJ further noted, however, that the records "similarly consistently demonstrated no indication of any significant neurological deficit." (R. at 17–18.) Specifically, the ALJ referenced Plaintiff's MRIs and discogram as objective evidence that is inconsistent with Dr. Hard's opinion. (R. at 18.) Plaintiff does not dispute the lack of objective medical evidence supporting Dr. Hard's assessments. Instead, Plaintiff contends that the lack of objective evidence is not a proper basis for discounting Dr. Hard's opinions in light of significant case law acknowledging that "the diagnosis [of fibromyalgia] is not based on 'objective evidence.' " (Reply 4; Pl.'s Stmt. of Errs. 17, 20.) Although Plaintiff is correct that objective tests are of little relevance in determining the existence of or severity of fibromyalgia, . . . Dr. Hard's opinions did not rest entirely upon his diagnosis of fibromyalgia. For instance, Dr. Hard rendered his 2005 opinion before any fibromyalgia diagnosis, citing instead cervical disc and lumbar strain. (R. at 314–15.) Likewise, in issuing his other opinions regarding Plaintiff's limitations, he also relied on diagnoses other than fibromyalgia, including lumbar disc and cervical disc irregularities in his 2006 opinion (R. at 170); lumbar disc disease with spinal stenosis, degenerative disc changes, and multiple disc bulges in his 2007 opinion (R. at 206); and back pain in his 2008 opinion (R. at 343). Consistently, much of Plaintiff's medical care, both before and after she was diagnosed with fibromyalgia, related to her non-fibromyalgic back pain, including chiropractor visits, MRIs, denervation surgery, sacroiliac joint injections, consultation with Dr. Rea, and the SCS implantation. Because Dr. Hard's 2005 opinion issued prior to any fibromyalgia diagnosis, and because his other opinions did not specify which of Plaintiff's limitations were premised upon her fibromyalgia diagnosis as opposed to the other diagnoses, the ALJ did not err in considering that Dr. Hard's assessments were based primarily upon Plaintiff's subjective complaints, which the ALJ found only partially credible.

Second, substantial evidence supports the ALJ's conclusion that Dr. Hard's opinions are somewhat inconsistent with each other and also inconsistent with Dr. Gatens' opinion together with record evidence supporting his opinion. As the ALJ noted, despite Dr. Hard's opinions to the effect that Plaintiff was extremely limited and Dr. Hard's conclusion of disability, he released Plaintiff to work part-time with some limitations in July 2006. (R. at 18, 230.) Further, Dr. Hard's opinions became more restrictive over time, even though Dr. Everhart-McDonald found improvement with summer heat and physical therapy in 2007 (R. at 18, 183–84), and Plaintiff reported significant improvement with her SCS in 2008 . . . . In addition, contrary to Plaintiff's assertions, Dr. Hard's opinions are inconsistent with those of Dr. Everhart-McDonald's, another treating physician. In Dr. Hard's 2006 opinion, he opined that in an eight-hour workday, Plaintiff could sit, stand, and walk for less than six hours total. (R. at 172.) In his 2008 opinion, he opined that the combination of sitting, standing and walking in an eight-hour workday could not exceed four hours. (R. at 344–45.) Dr. Everhart-McDonald issued two opinions within two months of each other in 2007, both of which are inconsistent with Dr. Hard's opinions. In her January 2007 opinion, in addition to other limitations, Dr. Everhart-McDonald opined that in an eight-hour workday, Plaintiff could sit, stand, and walk for ten hours total. (R. at 194–98.) In her March 2007 opinion, she opined that Plaintiff could sit, stand, and walk for eleven hours total. (R. at 312–13.) As the ALJ noted, Dr. Everhart-McDonald's most recent opinion is "generally consistent" with the ALJ's RFC.[1] (R. at 20.)

> [1]In her Statement of Errors, Plaintiff's conclusion that Dr. Hard's opinions are consistent with Dr. Everhart-McDonald's findings is based solely on a comparison to Dr. Everhart-McDonald's earlier, more restrictive opinion. Notably, because Dr. Everhart-McDonald issued both of her opinions prior to Plaintiff's SCS implantation, neither of her opinions consider any pain reduction due to the SCS.

Further, it is undisputed that Dr. Hard's opinions are inconsistent with Dr. Gatens' opinions. Plaintiff simply dismisses this inconsistency by stating that "Plaintiff has already shown [Dr. Gatens' opinion] to be unreliable." (Pl.'s Stmt. of Errs. 24.) As discussed above, however, the undersigned disagrees with Plaintiff's characterization of Dr. Gatens' opinion. (*See supra* Part VIII.A.) Instead, the undersigned agrees that substantial evidence in the record supports Dr. Gatens' opinion.

>Finally, as the ALJ indicated, Dr. Hard's 2007 opinion of disability was not entitled to special significance as the decision of whether Plaintiff is disabled is reserved for the Commissioner. 20 C.F.R. § 416.927(e); *Bass*, 499 F.3d at 511.

(Report and Recommendation 25–28) (internal footnotes omitted).

Notably, Plaintiff does not object to most of the bases the Magistrate Judge references in support of her conclusion that substantial evidence supports the ALJ's stated reasons for discounting Dr. Hard's opinions. Instead, Plaintiff's objection relates only to the Magistrate Judge's assertion that Dr. Hard's opinions are inconsistent with Dr. Everhart-McDonald's opinion. Plaintiff asserts that the opinions are consistent and that the ALJ failed to consider Dr. Everhart-McDonald's opinion in its entirely.

Upon review of the record *de novo*, the Court finds that substantial evidence supports the ALJ's reasons for rejecting Dr. Hard's opinions. The record evidence indicates that Dr. Hard's opinions are premised upon Plaintiff's subjective complaints. The ALJ, however, found Plaintiff not to be credible, a determination that was not challenged by Plaintiff in her Statement of Errors. This reason alone is sufficient to support the ALJ's rejection of Dr. Hard's opinions. Nevertheless, the ALJ provided additional reasons. These additional reasons, too, are supported by substantial evidence. Dr. Hard's opinions were internally inconsistent as well as inconsistent with Drs. Gatens' and Dr. Everhart-McDonald's opinions. Contrary to Plaintiff's assertions, the ALJ did consider Dr. Everhart-McDonald's opinions, comparing them with each other and concluding that the latter opinion is generally consistent with his RFC. (R. at 19–20.) The Vocational Expert's opinion that Dr. Everhart-McDonald's RFC would preclude all work does not necessarily require the conclusion that it is consistent with Dr. Hard's opinions or inconsistent with Dr. Gatens' or the ALJ's RFC. Indeed, the Magistrate Judge noted marked

inconsistencies between Dr. Hard's opinions and Dr. Everhart-McDonald's opinions. Further, unlike Dr. Gatens, Dr. Everhart-McDonald did not consider the fact that Plaintiff achieved ample pain reduction through the implantation of the spinal cord stimulator, which was implanted after Dr. Everhart-McDonald rendered her opinion. Finally, as the ALJ and the Magistrate Judge indicated, Dr. Hard's opinion of disability is not entitled to special significance. Determination of disability is a decision reserved for the Commissioner. 20 C.F.R. § 416.927(e).

Accordingly, Plaintiff's first objection to the Report and Recommendation is not well-taken and is **OVERRULED**.

B.   Dr. Gatens' Testimony

Plaintiff again asserts that Dr. Gatens' opinion is contrary to established law. Plaintiff therefore contends that the ALJ's reliance on his opinion constitutes reversible error. The Magistrate Judge analyzed this argument as follows:

> Plaintiff asserts that Dr. Gatens' testimony that fibromyalgia "could be work preclusive in heavy work categories, but not in the light or sedentary categories" makes "obvious" that he does not agree with the Sixth Circuit Court of Appeal's conclusion that a diagnosis of fibrositis or fibromyalgia in an individual less than fifty years of age can, in and of itself, be disabling. (Pl.'s Stmt. of Errs. 12–17.) The bulk of Plaintiff's analysis is devoted to a review of cases finding that fibromyalgia can be a disabling condition, including *Preston v. Secretary of HHS*, 854 F.2d 815 (6th Cir. 1988); *Sarchet v. Chater*, 78 F.3d 305 (7th Cir. 1996); and *Swain v. Comm'r of Soc. Sec.*, 297 F.Supp.2d 986 (N.D. Ohio 2003).
>
> The undersigned finds that this assignment of error is without merit because it is premised upon Plaintiff's mischaracterization of Dr. Gatens' testimony. Although the cases Plaintiff relies upon establish that fibromyalgia can be a disabling condition, none of the cases suggest that fibromyalgia is always a disabling condition. *Cf. Vance v. Comm'r of Soc. Sec.,* 260 Fed.Appx. 801, 806 (6th Cir. 2008) ("[A] *diagnosis* of fibromyalgia does not automatically entitle [the claimant] to disability benefits . . . ."). Indeed, in *Sarchet*, a case upon which Plaintiff relies, the court noted that "[s]ome people may have such a severe case of

−7−

fibromyalgia as to be totally disabled from working . . . , but most do not and the question is whether [the claimant] is one of the minority." 78 F.3d at 307 (internal citations omitted). A review of Dr. Gatens' testimony demonstrates that his statements do not conflict with the foregoing law. Upon Plaintiff's counsel's inquiry as to whether fibromyalgia could be work preclusive, Dr. Gatens responded that: "I would think actually that it would be work preclusive in heavy work categories but not *usually* in the light to sedentary . . . [b]ut it does make it uncomfortable to do them even in those categories." (R. at 401.) (emphasis added). Thus, Dr. Gatens did not testify that fibromyalgia is never work preclusive, only that it is usually not, which is consistent with the line of cases that indicate most cases of fibromyalgia do not disable the individual from working. *See* 78 F.3d at 307. Plaintiff does not offer any other basis for rejecting Dr. Gatens' opinion.

Upon review of Dr. Gatens' testimony, the Court finds that it is not contrary to established law. Dr. Gatens stated that fibromyalgia is "not usually [work preclusive] in the light to sedentary" categories. (R. at 401.) Plaintiff offers no case law contradicting this statement. Instead, as the Magistrate Judge noted, Dr. Gatens' testimony is consistent with the line of cases indicating that most cases of fibromyalgia do not disable an individual from employment. *See*, *e.g.*, *Sarchet*, 78 F.3d at 307.

Accordingly, Plaintiff's second objection to the Report and Recommendation is not well-taken and is **OVERRULED**.

### IV.

The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the ALJ's determination that Plaintiff is not disabled, as defined in the Social Security Act. Accordingly, the Court **OVERRULES** Plaintiff's Objections (Doc. 16) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 15). The Commissioner's decision is **AFFIRMED,** and this action is **DISMISSED**.

The Clerk shall enter final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

**DATE**: September 10, 2010